IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

JOHN D. FAILS, PRO SE, §
a.k.a. JOHN D. FAILS, JR., §
a.k.a. JOHN DANIEL FAILS, JR., §
a.k.a. JOHN FAILS, §
TDCJ-CID No. 1335587, §
Previous TDCJ-CID No. 1330335, §
 §
    Plaintiff, §
 §
v. § 2:10-CV-0116
 §
CHARLES R. McDUFFIE, Senior Warden; §
GERALD W. DAVIS, Assistant Warden; §
WILLIAM H. JONES, Major; §
TIMOTHY A. TOLENTINO, Sergeant; §
PATSY M. DUNCAN, Correctional Officer V; §
and EDWARD CRANDALL, Safe Prisons §
    Coordinator, §
 §
    Defendants. §

## REPORT AND RECOMMENDATION

Plaintiff JOHN D. FAILS, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 and Title 42, United States Code, section 121343, complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis

By his May 19, 2010 original complaint, affidavit, and brief, which the Court reads together to constitute plaintiff's complaint, plaintiff alleges the defendants conspired to retaliate against him for filing a previous lawsuit, cause no. 2:09-CV-0098, and did retaliate in that he

was written a minor disciplinary case by defendant DUNCAN on May 7, 2010, which was graded as a major case by defendant JONES, also a defendant in cause no. 2:09-CV-0098.

Plaintiff requests compensatory damages of $500,000.00, punitive damages of $300,000.00, costs, and unspecified injunctive relief.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

**THE LAW AND ANALYSIS**

Title 42, United States Code, 1997e(a), as amended by Section 803 of the Prison Litigation Reform Act of 1995, provides that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002).

Exhaustion is an affirmative defense which is not required to be pled or proven in the complaint.  *Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007).  Nevertheless, the Fifth Circuit has held that, where it is apparent from the face of the complaint that an inmate has failed to exhaust the prison grievance procedure, the district court may dismiss *sua sponte* on initial review for failure to state a claim on which relief may be granted.  *Carbe v. Lappin*, 492 F.3d 325, 327-38 (5th Cir. 2007).

By his Brief, submitted with his original complaint, plaintiff provides the specific facts constituting his claim, contends his claim is one of "retaliation in violation of the Americans with Disabilities Act (ADA)," and argues that he his not required to exhaust administrative remedies with respect to claims under the ADA.  Thus, plaintiff's complaint shows, on its face, that he has not exhausted administrative remedies with respect to the claims he is presently asserting and, in fact, he maintains no such requirement applies to them.

Even to the extent plaintiff's claim can be construed as falling within the ambit of the

ADA, the Fifth Circuit has opined that under 42 U.S.C. § 1997e(a), a prisoner must exhaust his administrative remedies before bringing a civil action challenging prison conditions. Because his claim involves matters of prison life, plaintiff must exhaust administrative remedies for all his claims, including those raised under the ADA. *Wiley v. McKellar*, 167 Fed.App'x 385, 2006 WL 189941 (5th Cir. (Tx.)). (citing *Booth v. Churner*, 532 U.S. 731, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); and *Clifford v. Gibbs*, 298 F.3d 4328, 332 (5th Cir. 2002)).

On its face, therefore, plaintiff's complaint shows he has not exhausted administrative remedies and, in fact, disputes that he is required to do so. Plaintiff's failure to exhaust his administrative remedies precludes his present litigation. Accordingly, his claims should be dismissed with prejudice. *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir.1998), *cert. denied,* 526 U.S. 1133, 119 S.Ct. 1809, 143 L.Ed.2d 1012 (1999) (dismissal with prejudice appropriate where inmate seeks "federal court intervention in prison affairs prior to the prison having had the opportunity to address the complaint within its grievance procedures"); *see also Womack v. Simpson,* No. 304CV0767K, 2004 WL 2070953 (N.D.Tex. Sept.15, 2004), *rec. adopted,* 2004 WL 2271406 (N.D.Tex. Oct.7, 2004) (dismissing sanitation claim against warden for failure to satisfy exhaustion requirement).

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, and and Title 42, United States Code, section 121343 by

plaintiff JOHN D. FAILS be DISMISSED WITH PREJUDICE FOR PURPOSES OF PROCEEDING IN AN IN FORMA PAUPERIS PROCEEDING PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 1915(b). *Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998); 42 U.S.C. § 1997e(a).

    IT IS SO RECOMMENDED.

    ENTERED THIS 24th DAY OF MAY 2010.

*[signature]*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

    Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

    Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).