IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

JOHN D. FAILS, PRO SE, §
a.k.a. JOHN D. FAILS, JR., §
a.k.a. JOHN DANIEL FAILS, JR., §
a.k.a. JOHN FAILS, §
TDCJ-CID No. 1335587, §
Previous TDCJ-CID No. 1330335, §
 §
    Plaintiff, §
 §
v. § 2:10-CV-0116
 §
CHARLES R. McDUFFIE ET AL., §
 §
    Defendants. §

## ORDER OF DISMISSAL

Plaintiff JOHN D. FAILS, while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed *in forma pauperis*.

On May 24, 2010, a Report and Recommendation was issued by the United States Magistrate Judge recommending dismissal with prejudice for purposes of proceeding in an in forma pauperis proceeding pursuant to Title 28, United States Code, section 1915(b).

On June 3, 2010, plaintiff filed his Objections. By his objections, plaintiff advances the following four arguments:

    (1)    He has suffered retaliation for filing cause no. 2:09-CV-0098 in that prison officials now limit his grievances to one every seven days.

    (2)    Administrative remedies were not "available" under the terms of 42 U.S.C. § 1997e(a) because prison regulations state that "state or federal court decisions, laws and/or regulations are not a grievable issue pursuant to TDCJ's own

        grievance procedural policy." Therefore, his claim of retaliation in violation of the Americans with Disabilities Act (A.D.A.) is exempt from prison grievance procedures.

(3)      Plaintiff should be allowed to proceed with his claim without exhausting administrative remedies because he was led to believe by prison officials that administrative remedies were unavailable in that he relied on the language in the Offender Orientation Handbook quoted in objection (2) above.

(4)      When plaintiff filed cause no. 2:09-CV-0098 in this Court, he was not required to exhaust administrative remedies before proceeding.

By his objection numbers (5) and (6), plaintiff merely rephrases previous argument by asserting he was led to believe he was exempt from the exhaustion requirement and that administrative law has well-established exceptions to exhaustion. The first is addressed below and the second, in the Report and Recommendation.

Plaintiff's first objection of retaliation is accompanied by submission of a step 1 grievance against an Officer Rocha for refusing to allow plaintiff to go late to the law library, saying plaintiff didn't need to worry about suing Rocha's bosses, which grievance was denied processing by prison officials because it exceeded the one grievance every seven days limit. To the extent plaintiff presents this grievance to show an attempt to grieve the subject matter of the instant suit, it is not adequate to do so because the incident it recounts is only tangentially related to the subject of the instant suit. Critically, the response does not show the rejection of the grievance was a retaliatory act or that plaintiff could not have exhausted the grievance system concerning the events underlying the claims in this lawsuit, even in compliance with the one per seven day limit on grievances.

Plaintiff's second and third objections rely on language in the Offender Orientation Handbook which informs inmates that "state or federal court decisions, laws and/or regulations

are not a grievable issue pursuant to TDCJ's own grievance procedural policy." Plaintiff first argues this shows prison regulations barred his use of the grievance procedure for his claim of retaliation in violation of the A.D.A. and, secondly, that, in any event, he was entitled to rely on that language.

It is clear from the sentence quoted by plaintiff that prison regulations bar grievances about, *i.e.*, challenges to court decisions, laws, or regulations. This is a reasonable and rational restriction because the prison grievance system cannot overrule the decision of a court of law, rewrite or revoke a statute passed by Congress or a state legislature, or rewrite or revoke a regulation promulgated by a state or federal agency. Grievances on those matters would be futile. Plaintiff's strained interpretation of the language in the Offender Orientation Handbook, if accepted, would prevent an inmate from grieving retaliation whenever it appeared to be triggered by his complaints of acts or omissions which could involve a state or federal statute, such as a due process violation in a disciplinary hearing (which would violate agency regulations), a use of excessive force (which could violate state assault laws), or a violation of the Free Exercise Clause (which could also violate federal statutes). This is plainly not the case. Moreover, plaintiff is not entitled to benefit from his erroneous interpretation of this language, even if it is contained in the Inmate Orientation Handbook.

Lastly, plaintiff points out that cause no. 2:09-CV-0098, also asserting claims that plaintiff's rights under the A.D.A. were violated, has gone to answer. Plaintiff is correct.

In cause no. 2:09-CV-0098, plaintiff did not utilize the complaint form promulgated by the United States District Court for the Northern District of Texas for his original complaint, triggering issuance of an Order and Notice of Deficiency requiring plaintiff to amend and

3

instructing him to attach relevant grievances to the amended complaint as required by the instructions on the form. Although, in the wake of *Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007), the Court no longer screens complaints for failure to exhaust administrative remedies, its policy remains that inmates are required to utilize the established form and to comply with the instructions on it. Further, experience has shown that pro se litigants often provide a fuller factual account on their grievances, allowing the Court to gain a more accurate understanding of the claims they are asserting. Plaintiff subsequently submitted a motion requesting leave to proceed without submitting his grievances and he was allowed to do so; however, the Court's Order contained the express reservation that such permission did not constitute a determination whether plaintiff had exhausted administrative remedies or had shown he was exempt from that requirement.

The circumstances in this cause are that plaintiff's original complaint was accompanied by a brief setting forth, in relevant part, plaintiff's failure to exhaust administrative remedies and his contention that he was not required to do so. Under present law, exhaustion is an affirmative defense which is not required to be pled or proven in the complaint. *Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007). Nevertheless, "[a]lthough district courts may not screen prisoners' complaints for failure to plead exhaustion, they may, *sua sponte*, 'dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust.'" *Hicks v. Garcia*, No. 09-11045, 2010 WL 1427376 (C.A.5 (Tex.)) (quoting *Carbe v. Lappin*, 492 F.3d 325, 327-38 (5th Cir. 2007); *Davis v. United States*, 358 Fed. App'x 537, No. 09-40383 2009 WL 5101770 (5th Cir. (Tex.)). Such an approach "is consistent with established Fifth Circuit authority, which

has long held that affirmative defenses may be raised sua sponte when they are clear from the face of the complaint or otherwise apparent from the record." *Bretado v. Pharise*, No. 6:06-CV-0406, 2007 WL 2793748 (E.D. Tex. Sept. 26, 2007)(citing *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) and *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006)).

In cause no. 2:09-CV-0098, the Court did not screen plaintiff's complaint for failure to exhaust administrative remedies, but ordered defendants to answer. They did so, pleading the affirmative defense and have since filed a motion for summary judgment limited to that issue. In the instant cause, however, plaintiff submitted an unsolicited brief with his complaint; and the Court has relied upon that pleading, demonstrating plaintiff's failure to exhaust, as a basis for sua sponte dismissal in accord with *Carbe v. Lappin*, 492 F.3d 325, 327-38 (5th Cir. 2007); *Hicks v. Garcia*, No. 09-11045, 2010 WL 1427376 (C.A.5 (Tex.)) (quoting *Carbe v. Lappin*, 492 F.3d 325, 327-38 (5th Cir. 2007); and *Davis v. United States*, 358 Fed. App'x 537, No. 09-40383 2009 WL 5101770 (5th Cir. (Tex.)).

The Court has made an independent examination of the records in this case and has examined the Magistrate Judge's Report and Recommendation, as well as the Objections filed by the plaintiff.

The Court is of the opinion that the objections of the plaintiff should be OVERRULED and the Report and Recommendation of the United States Magistrate Judge should be ADOPTED by the United States District Court, as supplemented herein.

This Court, therefore, does OVERRULE plaintiff's objections, and does hereby ADOPT the Report and Recommendation of the United States Magistrate Judge, as supplemented herein.

5

IT IS THEREFORE ORDERED that the Civil Rights Complaint by JOHN D. FAILS is DISMISSED WITH PREJUDICE FOR PURPOSES OF PROCEEDING IN AN IN FORMA PAUPERIS PROCEEDING PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 1915(b).

LET JUDGMENT BE ENTERED ACCORDINGLY.

The Clerk shall send a copy of this order to plaintiff and to any attorney of record. The Clerk shall also mail copies of this order to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

Signed this the 10th day of June, 2010.


/s/ Mary Lou Robinson
MARY LOU ROBINSON
United States District Judge